UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PAULA TRAMMEL, *individually and on behalf* )
*of others similarly situated*, )
    *Plaintiffs*, )
)    1:12-cv-0501-JMS-MJD
*vs*. )
)
PFIZER INC., )
    *Defendant*. )

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

On April 17, 2012, Defendant Pfizer Inc. ("Pfizer"), removed this putative class action to this Court, asserting that this Court has jurisdiction pursuant to the Class Action Fairness Act. [Dkt. 1 at 2-3.] In its removal papers, Pfizer alleged that the putative class is greater than 100, diversity of citizenship exists between Plaintiff Paula Trammel and Pfizer, and the amount in controversy for the class members exceeds $5,000,000. [*Id.* at 2-4.]

On April 23, 2012, Pfizer answered Ms. Trammel's Complaint and denied knowledge of some of the jurisdictional assertions it made in its removal papers. For example, Pfizer now denies knowledge of Ms. Trammel's residence[1] and denies knowledge of the value of the individual claims at issue. [Dkt. 12 at 2.]

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a

---

[1] Ms. Trammel alleged her residence in her state court Complaint, not her citizenship. [Dkt. 1-1 at 3.] While residence and citizenship are not the same and an individual's citizenship is what matters for purposes of diversity jurisdiction, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), the Court did not issue a show cause order in response to Pfizer's removal papers asserting Ms. Trammel's citizenship because Local Rule 81-1 required Ms. Trammel to respond to Pfizer's allegations within 30 days of the notice of removal. Given the inconsistency between the allegations in Pfizer's removal papers and its Answer, however, the Court finds it necessary for the parties to meet and confer in advance of the Local Rule 81-1 deadline.

federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Because the Court cannot assure itself that it has jurisdiction over this matter, it **ORDERS** the parties to meet and confer regarding the Court's jurisdiction over this putative class action. The parties are **ORDERED** to file a joint jurisdictional statement by **May 7, 2012**, or competing jurisdictional statements by that date if they cannot agree. This jurisdictional statement relieves Ms. Trammel's obligation to file a response to Pfizer's notice of removal pursuant to Local Rule 81-1.

04/24/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

P. Gregory Cross
THE CROSS LAW FIRM
pgcross@thecrosslawfirm.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Danyel Nicole Robbins
THE CROSS LAW FIRM, P.C.
315 E. Charles St.
Muncie, IN 47305